## BARTHOLOMEW BROWN *vs.* ADAM ELLIOTT.

Equity will interfere to restore rights which have been lost by unavoidable accident.

*Mr. Titsworth,* for complainant.

*Mr. Ranney,* for defendant.

BEASLEY, C. J., sitting as Master.

A judgment was obtained in the court for the trial of small causes, by one Eagan, against the complainant, which was afterwards docketed in the Common Pleas of the county of Essex. By virtue of an execution, issued on this judgment, the interest of the complainant in a certain house and lot, such interest being an undivided moiety, was sold at sheriff's sale, and was purchased by the defendant. It is to avoid this sale that this bill was filed.

The facts were these. Eagan sued the complainant before a justice, in Newark. To this suit the complainant, with his counsel, appeared, and the result was a non-suit. On the following day, another summons was served, and the complainant charges in his bill, and has verified the same fact on his examination as a witness, that he took this second summons to the office of his counsel, and not finding him at home, left it with his clerk, who promised him that the business would be properly attended to. He further says, that his counsel had before this assured him that the plaintiff could not recover against him, and that, confiding in this representation, and in the belief that the suit would be looked after, he returned to his home, which was in Elizabethport. That he heard nothing more of these proceedings, until he ascertained that his property had been sold for a third of its value, under the judgment docketed in the pleas; that upon this discovery he tendered the purchase money and interest to the defendant, who refused to accept it.

2 G *

The bill further charges that the reason why the suit was not defended was that his counsel was taken sick, and in that way the business was neglected.

Upon this state of facts, it is clear the complainant would be entitled to relief in this court. The foundation of his equity is accident. His rights have been lost by no negligence or misconduct on his part, but simply by the unavoidable occurrence of the illness of his counsel. It is not necessary to vouch authorities on this point. The only possible question which can arise, is whether this equity has been rebutted.

It is important to observe, that the fact of the prevention of the attendance of the complainant's counsel, by sickness, on the trial before the justice, is not denied in the answer. This essential allegation, constituting the *gravamen* of the bill, has been passed by in the answer, in silence. The defendant has not even negatived his own belief in its truth. The complainant, as a witness, again attested its reality, and consequently it must be received by me as proved.

It is true that the defendant set forth in his answer that he did not believe that the complainant had been surprised, because the docket of the justice showed that on the return day of the second summons the complainant appeared and obtained an adjournment. The justice was examined as a witness, and testified that this was the case, and that on the occasion specified, the complainant and his counsel did appear, and that the suit was adjourned at their request.

The complainant is under a different impression. But I do not think the circumstance of much consequence. The complainant, who is evidently an ignorant man, unskilled in the course of legal proceedings, may have appeared at the time referred to, and subsequently confided the case to his counsel. I see not the least reason to call in question the fundamental fact, that the suit was left with the counsel to be taken in charge, either on the return day of the summons, or at the day of trial.

Having come to the conclusion that the property of the

Brown *v.* Elliott.

complainant has been sacrificed in consequence of the absence, at the time of the trial before the justice, of his counsel, and that such absence was the result of accident, and was not imputable to the negligence of the complainant, or of any other person, I think the complainant is entitled to the relief prayed for in his bill.

The terms upon which this relief should be granted have occasioned me some perplexity.

The defendant must be re-imbursed the purchase money, and also ten dollars spent by him in improvements. But under the circumstances, I do not think he is entitled to costs. He did not act with fairness.

It appears from the evidence, that it was the practice of the sheriff, in case the defendant in execution was absent, and was a resident of this state, to make an adjournment in his favor. Both the sheriff and his deputy testify that the defendant gave them to understand that the complainant was a non-resident, and one of them understood him to say, as an inducement to proceed with the sale without delay, that the property would be purchased for the complainant's wife. There are other circumstances which tend to confirm this indication of misconduct against the defendant.

I shall advise his honor, the Chancellor, to order a reconveyance of the premises in question, on the terms above specified, but without costs on either side.

It does not seem to me that a reference to a master is necessary, as the sums to be required are all fixed by the proofs.